UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 5:21-cr-240

DHANRAJ SINGH

**MEMORANDUM OPINION AND ORDER**

Pursuant to Standing Order entered October 31, 2023, the Court has instituted review of sentence in this matter upon its own motion.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date

of February 1, 2024, or later. By previous Order entered on November 30, 2023, this case was designated for Expedited consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and received any materials submitted by the parties on the issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. By its written and filed response [ECF 47], the United States does not object to the reduction ordered herein.

On December 30, 2022, the Court convened for sentencing. Mr. Singh's Total Offense Level was calculated to be 17 and he received 0 criminal history points placing him in Criminal History Category I. Based on a Total Offense Level of 17 and Criminal History Category of I, Mr. Singh was subject to a guideline imprisonment range of 24 months to 30 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Singh in the middle of his then applicable guideline range to 27 months imprisonment.

As to the nature and circumstances of the offense, Mr. Singh was charged by information and pled guilty to the interstate transportation of stolen monies in violation of 18 U.S.C. § 2314. In the *Stipulation of Facts* attached to his plea agreement as Exhibit B, Mr. Singh admitted to embezzling $382,449 from Glade Springs Resort by submitting fake invoices that either inflated costs of maintenance work performed or requested reimbursement when no actual maintenance work had been performed or equipment purchased. Mr. Singh also admitted to stealing approximately $2,400 to $2,500 a week from Glade Springs Resort's petty cash. Mr. Singh

admitted that he directed employees to withdraw money each week and deliver it to him. After receiving the petty cash, Mr. Singh would transport the stolen money from West Virginia to Maryland to deposit the money is his bank accounts.

Respecting Mr. Singh's history and characteristics, he is sixty-three years old and has no criminal history. Mr. Singh has had one disciplinary infraction for giving/accepting money without authorization on March 28, 2023, shortly after his incarceration with the BOP. Mr. Singh has completed numerous courses/education since his incarceration including: Exercise Physiology; Protein and Energy Balance; Wellness Library Course; Water Balance and Digestion; Ace Food Truck Business Course; Ace Entrepreneur; Ace Job Survival Skills; Ace Soft Skills; Act Work-Life Balance; Ace ELL training; Allergies Wellness; Disease Pathology; Ace Digital Communication; Athletes and Efficient Hearts; Ace Nine to Give Beats Ten to Life; Ace Job Fair Success; and Ace Single Man Gourmet. Based upon consideration of the applicable § 3553(a) factors and Mr. Singh's rehabilitative record to date, the Court concludes Mr. Kincaid is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Indeed, given the retroactive application of Amendment 821, if sentenced today, Mr. Singh would receive a decrease of two offense levels for being a "Zero Point Offender" whose offense did not involve specific aggravating factors. A decrease of two offense levels would make his Total Offense Level a 15. Based on a Total Offense Level of 15 and a Criminal History Category of I, Mr. Singh's newly calculated guideline range would be 18 to 24 months. A guideline sentence in the middle of this newly calculated range is sufficient but not greater than necessary to meet the goals of sentencing. The Court further concludes Mr. Singh will potentially benefit from halfway house placement at the necessary time to ease his transition back into the community and thus imposes the following, additional special condition of supervised release:

That the defendant be placed at the halfway house for a period of up to six months as directed by the probation officer but under the authority of the Court to assist the defendant in transitioning to the community.

The Court **ORDERS** that Mr. Singh's Total Offense Level by reduced by two levels, resulting in a new Total Offense Level of 15, for a new advisory guideline range of 18 months to 24 months. It is further **ORDERED** that Mr. Singh's previous sentence be reduced to a period of 21 months, with credit for time served to date, effective February 1, 2024. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the Judgment entered January 9, 2023, shall remain in effect. In the event the parties desire to be heard on any matter set forth herein, they may so move on or before January 22, 2024.

The Clerk is **DIRECTED** to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: January 10, 2024

EFFECTIVE: February 1, 2024

Frank W. Volk
United States District Judge